**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULETTE WESTON, a single person, | No. 09-35243 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00469-RSM |
| v. | |
| BERNARD JOSEPH HARRIGAN, a single person; CARLOS D. BENAVIDEZ; KINDA R. BENAVIDEZ, husband and wife and their marital community; WASHINGTON STATE LIQUOR CONTROL BOARD, a Division of the State of Washington, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted December 11, 2009 [**]
Seattle, Washington

Before: BEEZER, GOULD and TALLMAN, Circuit Judges

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Paulette Weston ("Weston") appeals the district court's grant of summary judgment to Defendants-Appellees Bernard Harrigan and Carlos Benevidez (collectively "Officers") and the Washington State Liquor Control Board. The parties are familiar with the facts and procedural history of this case so they are not repeated here.

We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court did not abuse its discretion in excluding Paul Weston's testimony because it would not have helped determine a fact in issue. *See Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1062–63 (9th Cir. 2005) (upholding district court's evidentiary determination because the testimony at issue would not have assisted in determining a fact in issue). The use of an altered license was not a "fact in issue" because the record is devoid of any evidence that the underage operative produced an altered license when asked for her identification.

The Liquor Control Board Officers are entitled to qualified immunity. Under *Saucier v. Katz*, 533 U.S. 194, 200–02 (2001) and *Pearson v. Callahan*, 129 S. Ct. 808 (2009), we exercise our discretion to first determine whether a public official violated the complaining party's constitutional rights. We do not reach the second step because we find that there are no genuine issues of material fact and the Officers' conduct did not violate Weston's constitutional right to due process.

2

The Officers did not violate Weston's procedural due process rights. There is no evidence in the record that the Officers affirmatively participated in Weston's termination or knew or reasonably should have known that their actions would cause Weston's employer to terminate her before providing an opportunity to be heard. *See Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978) (finding that a public official can deprive an individual of a protected property interest by either affirmatively participating in the deprivation or "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury"). The facts of this case do not establish the type of public official involvement presented in *Merritt v. Mackey*, 827 F.2d 1368, 1372 (9th Cir. 1987) (finding a violation of procedural due process when the government had "coercive dealings" with the plaintiff's employer).

The Officers also did not violate Weston's constitutional rights to substantive due process. Official conduct violates a party's substantive due process rights when the conduct "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). There are two standards of culpability for determining if conduct shocks the conscience: deliberate indifference and purpose to harm. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). Weston argues that the lower standard of culpability, deliberate indifference, applies in this case.

3

We need not decide the appropriate standard, however, because we hold that even under the lower standard, summary judgment is appropriate.

We reject Weston's attempt to create a genuine issue of material fact by alleging that there were two liquor purchases. A court does not have to accept as true allegations that are contradicted by the record and which no reasonable jury would believe. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Weston's "two-buy theory" is inconsistent with the evidence in the record—Weston could not produce an electronic record of the alleged second buy although it is undisputed that such a record is made for every transaction. The district court properly rejected the two-buy theory. We next examine the Officers' conduct during the liquor compliance check to determine if they acted with deliberate indifference to Weston's constitutional rights. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991).

There is no evidence to support Weston's allegations that Harrigan or Benavidez purposely selected Weston's store because they knew she would be terminated if she sold liquor to a minor. Weston admitted that Harrigan reassured her that she would not be fired and Harrigan stated that the store was selected for the liquor compliance check based on the length of time since the previous check or a failed previous check. There is no evidence to support the argument that

4

Harrigan's or Benavidez's behavior while Weston was conducting the sale to the underage operative was deliberately indifferent to Weston's constitutional rights. Even if the Officers were acting in a distracting manner, it was reasonable for them to do so. The possibility that a person may engage in distracting behavior while a minor is purchasing liquor does not stretch the imagination. The Officers were not acting with deliberate indifference to Weston's constitutional rights; they were simulating a possible real-life situation to evade the liquor laws.

The uncontroverted evidence establishes as a matter of law that the Officers' conduct does not constitute deliberate indifference to Weston's constitutional rights; nor does it evidence a purpose to harm. The Officers did not engage in conduct that "shocks the conscience" and Weston was not deprived of her substantive due process rights. Qualified immunity was properly invoked.

**AFFIRMED.**